Affirmed as Modified and Opinion filed January 25, 2007








Affirmed as Modified and Opinion filed January 25, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00877-CV

____________

 

MICHAEL D. SYDOW, Appellant

 

V.

 

VERNER, LIIPFERT, BERNHARD,
MCPHERSON AND HAND, CHARTERED, Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 04-68632

 



 

O P I N I O N








Both parties appeal from the trial court=s final judgment
modifying and confirming an arbitration award.  The arbitrator, in fact, issued
two awards: an Aoriginal award@ and a subsequent Aamended award.@  Michael D. Sydow
requested that the trial court confirm the amended award.  Verner Liipfert,
Bernhard, McPherson and Hand, Chartered (AVerner Liipfert@) requested that
the court confirm the original award.  The trial court modified the original
award and confirmed it as modified.  On appeal, Sydow contends that the trial
court should have confirmed the amended award instead of modifying and
confirming the original award.  Verner Liipfert contends that the trial court
erred in modifying the original award in certain respects.  We, in turn, modify
the trial court=s judgment and affirm it as modified.

I.  Background

Sydow is an attorney in Houston, Texas.  In 1997, he
negotiated with the law firm of Verner Liipfert to join its Houston office.  As
part of the negotiations, Sydow met with Lenard Parkins, a Verner Liipfert
shareholder, regarding which of Sydow=s preexisting
cases the firm was interested in pursuing.  As part of this conversation, Sydow
informed Parkins about the expenses he had already incurred in the cases.  One
of these cases was Miller v. Texas Women=s Hospital.  See HCA,
Inc. v. Miller, 36 S.W.3d 187 (Tex. App.CHouston [14th
Dist.] 2000), aff=d, 118 S.W.3d 758
(Tex. 2003).  The parties disagree as to whether Sydow told Parkins that the
preexisting expenses in Miller were $30,000 or $300,000.  The parties also disagree as to
whether Verner Liipfert agreed to reimburse Sydow for any preexisting case
expenses or whether it simply agreed to pay for future expenses in certain of
Sydow=s preexisting
cases.  The parties agree, however, that Verner Liipfert did accept certain of
Sydow=s preexisting
cases for continued prosecution, including Miller.

In 2001, Verner Liipfert closed its Houston office.  As
part of his severance package, Sydow signed a release, which left certain
issues in dispute.  In August 2004, the parties entered into a binding
arbitration agreement regarding the remaining disputes, pursuant to which they
proceeded to a full arbitration hearing on September 17-18, 2004.  In both the
original and amended awards, the arbitrator framed the issues between the
parties as follows: (1) whether the release obligated Verner Liipfert to pay
for attorney=s fees Sydow incurred defending against a grievance
and an intervention filed by a former
client; (2) whether Verner Liipfert was responsible for preexisting expenses on
the cases Sydow brought into the firm; (3) whether the preexisting expenses in
the Miller case were $30,000
or $300,000; and (4) whether Verner Liipfert failed to pay money due to Sydow
under the release.








In the original award, regarding the first issue, the
arbitrator found that the release obligated Verner Liipfert to pay Sydow=s attorney=s fees related to
the intervention but not the
grievance.[1] 
The arbitrator consequently awarded Sydow $18,883.83 for the intervention
attorney=s fees plus
interest.  Regarding the second issue, the arbitrator found that Verner
Liipfert had agreed to assume the preexisting expenses for the cases it
accepted.  In explaining this holding, the arbitrator stated that it would have
made no sense for Sydow to agree to give Verner Liipfert 25% of his recovery in
certain cases if they were going to pay only expenses incurred after he joined
the firm.  Regarding the third issue, the arbitrator held that Sydow was
entitled to $57,003.32 of the requested $357,003.32 as preexisting expenses in Miller, which sum was
within the reasonable range understood by Verner Liipfert.  The arbitrator
stated that A[t]he fault in the misunderstanding of this issue
rests between Sydow and Parkins.@  The arbitrator
further found that because Verner Liipfert violated the contract, Sydow was
entitled to certain of his attorney=s fees incurred in
the present case.  The arbitrator then entered a variety of calculations of
case expenses, credits for resolved cases, and interest.  Ultimately, the
arbitrator awarded Sydow:

a.       $18,883.83 for his out-of-pocket fees for
the [intervention];

b.       $167,579.92 plus interest thereon at 5% per
annum following September 20, 2003; plus

c.       $76,456.97 attorneys= fees plus interest thereon at 5%
per annum after ten (10) days from the date of this Award.

The total AWARD
therefore is $267,920.72 in favor of Sydow against Verner, Liipfert, Bernhard,
McPherson and Hand.

The
arbitrator also ordered Sydow to help the firm collect in outstanding cases.








In the amended award, the arbitrator stated that Sydow
filed a motion to reconsider urging that (1) the expenses in Miller were $300,000 not
$30,000, and (2) in the alternative, plaintiff=s exhibit 8
permitted Aa recalculation of an error in that this document
confirms that Sydow actually paid $290,420.75 after October 16, 1997@ (emphasis
added).  The arbitrator further said that A[t]his point is
well taken and this award has been revised to correct that issue.@  Next the
arbitrator explained that Sydow also complained about a mathematical or
typographical error in the original award, namely omitting prejudgment interest
on the award of attorney=s fees incurred in the intervention.  The arbitrator
characterized this correction as of Aa typographical
error.@  The arbitrator
then added the following:

Sydow=s request that the
arbitrator amend the Award on the basis that the decision is in clear
contravention of the law is granted because, in part, the Agreement to
Arbitrate provides that this Award shall comport with this standard.  I do
believe that ' 171.054 Tex. Civ. Prac. & Rem. Code permits this
change as a result of the post decision briefing that has occurred and in order
to do equity in this matter necessitates the Award be amended to replace
$57,003.32 with a revised amount and recast the associated interest.  Section
171.054 permits the Arbitrator to amend the Award for the grounds therein
stated including those in ' 171.091.  The parties by contract (the
Arbitration Agreement) amended this standard by including another agreed
standardCAin clear
contravention of the law.@  Case law and argument presented post the
original Award decision would indicate this has occurred regarding the theory
of Amistake@ and other
issues.  Sydow has convinced the arbitrator that as a matter of law, the
decision should be changed.

During the factual discussion related to the Miller case expenses,
the arbitrator inserted Sydow=s testimony that Parkins did not tell him
of the firm=s decision to reimburse only $30,000 of preexisting Miller
expenses, and that as a consequence, Sydow expected a $300,000 reimbursement. 
The arbitrator also amended his finding that the firm agreed to assume
preexisting expenses in certain cases to add Atogether with
expenses incurred post September 15, 1997.@  Noting the
existence of some evidence supporting Miller expenses at $30,000, he
finds that








other evidence (Px. 8) reflects
that at least $290,420.75 was incurred by Sydow, and Sydow testified he
provided all documents to the firm as backup including Px. 8, so the Firm did
know this information. . . .  More importantly, no one from the Firm told Sydow
that his expenses were limited only to $30,000 prior to his engagement.[2]

The arbitrator again included various calculations of case
expenses, credits, and interest, and awarded Sydow:

a.       $18,883.83 for his out-of-pocket legal fees
to defend the action brought by the Intervener, plus interest therein at 5% per
annum following April 30, 2003 (for the period May 1, 2003, through November
30, 2004 C  $1,417.65 plus $2.59 per day
thereafter).

b.       $622,117.87 plus interest thereon at 5% per
annum following September 20, 2003

c.       $76,456.97 attorneys= fees plus interest thereon at 5%
per annum after ten (10) days from the date of this Amended Award.  (This
portion of the Award is also increased as a result of the additional amount of
the Award and post-submission briefing.)

The total AWARD therefore is
$717,458.67 plus interest as aforesaid in favor of Sydow against Verner,
Liipfert, Bernhard, McPherson and Hand.

In
total, the amended award granted Sydow $449,537.98 more than had the original
award.

Sydow petitioned the trial court to confirm the amended
award.  Verner Liipfert petitioned the court to vacate the amended award and
confirm the original award.  The trial court modified the original award
expressly to correct certain calculation errors and confirmed the original
award as modified.

II.  Standards of Review








We review a trial court=s order confirming
an arbitration award under a de novo standard.  GJR Mgmt. Holdings, L.P. v.
Jack Raus, Ltd., 126 S.W.3d 257, 262-63 (Tex. App.CSan Antonio 2003,
pet. denied).[3] 
The scope of our review is extraordinarily narrow, and we indulge every
reasonable presumption in favor of upholding the arbitration award.  Id. 
Generally, the authority of an arbitrator over a particular dispute is governed
by the arbitration agreement.  Gulf Oil Corp. v. Guidry, 160 Tex. 139,
327 S.W.2d 406, 408 (1959); Baker Hughes Oilfield Operations, Inc. v. Hennig
Prod. Co., 164 S.W.3d 438, 443 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  The agreement between Sydow and Verner Liipfert states
that the proceedings were to be governed by the Texas Arbitration Act (ATAA@) and the CPR
Institute for Dispute Resolution=s Rules for
Non-Administered Arbitration (ACPR Rules@).

Section 171.054 of the TAA provides that an arbitrator may
make a modification or correction of an award only when (1) it is requested by
a party, and (2) it is to clarify the award or is based on the grounds stated
in section 171.091.  Tex. Civ. Prac.
& Rem. Code Ann. ' 171.054(a), (b) (Vernon 2005).  Section
171.091 provides that on application a court (or, by extension, an arbitrator)
shall modify or correct an award if:

(1) the award contains:

(A) an evident miscalculation of numbers; or

(B) an evident mistake in the description of a
person, thing, or property referred to in the award;

(2) the [arbitrator has] made an award with respect
to a matter not submitted to [him or her] and the award may be corrected
without affecting the merits of the decision made with respect to the issues
that were submitted;  or

(3) the form of
the award is imperfect in a manner not affecting the merits of the controversy.








Id. ' 171.091(a).  The
TAA also requires a trial court to vacate an award on application of a party
when the arbitrator exceeds his or her power.  Id. ' 171.088(a)(3)(A).

Under the CPR Rules, a party may request that the
arbitrator interpret the award; correct any clerical, typographical, or
computational errors, or any errors of a similar nature; or make an additional
award as to claims or counterclaims presented in the arbitration but not
determined in the award.  CPR Institute
for Dispute Resolution, Rules for Non-Administered Arbitration 14.5
(Rev. Sept. 15, 2000).  The arbitrator may then make any requested modification
if justified.  Id.

The arbitration agreement also addresses when the
arbitrator=s award can be vacated or appealed.  The agreement
states:

Appeal of
Arbitrator=s Final DecisionC The parties shall
have only those grounds to vacate or to appeal the final decision of the
Arbitrator which are set out in Chapter 171 of the Texas Civil Practice and
Remedies Code.  The grounds to vacate or for appeal will include a final
decision of the Arbitrator which is a product of an arithmetic error, fraud,
improper influence on the Arbitrator, prejudice, or a final decision which is
in clear contravention of the law.  Any party desiring to appeal must give
written notice to the opposing party of its intention to appeal the final
decision of the Arbitrator within 30 days after the final decision has been
reduced to a Final Judgment by the presiding judge of the court where this case
is filed.

According
to Sydow, this language provides the arbitrator with additional grounds for
modifying an award.  Verner Liipfert=s interpretation
restricts this grant of authority to a trial court in the context of
considering an appeal of an arbitrator=s award.[4]

III.  Sydow=s Appeal








In his appeal, Sydow contends that the trial court erred in
confirming the original award as modified and in failing to confirm the amended
award.  He specifically argues that in the amended award, the arbitrator
properly granted (1) almost $300,000 in additional expenses relating to the Miller
case, and (2) prejudgment interest on the award of attorney=s fees for
defending the intervention action filed by a
former client.[5] 
Sydow additionally argues that  Verner Liipfert failed to timely file its
application to vacate the amended award; thus, the trial court was without
authority to vacate the award.

A.  Miller Expenses

Sydow first argues that in adding almost $300,000 to the
award of Miller expenses, the
arbitrator was simply correcting or modifying Aan evident
miscalculation of numbers@ pursuant to section 171.091 of the TAA.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.091.  Sydow
suggests that the arbitrator erred in the original award in that while stating
in the analysis his intention to award Sydow post-joinder expenses in Miller,
he then failed to include these expenses in the final calculations and ultimate
award.

We begin by noting that the issue of whether Sydow was
entitled to recover post-joinder Miller expenses does not appear to have
been properly before the arbitrator.  An arbitrator=s authority is
limited to deciding matters submitted to him or her.  Baker Hughes, 164
S.W.3d at 443.  In both the original and amended awards, the arbitrator
expressly listed the issues that were before him.  In this list, he included
the issue of whether Verner Liipfert was responsible for preexisting expenses
on cases Sydow brought into the firm and the issue of whether the preexisting
expenses in Miller were $30,000 or
$300,000, but he did not mention any issues concerning post-joinder expenses. 
Further, Sydow himself testified at the arbitration hearing regarding the
preexisting expenses in Miller but did not testify regarding post-joinder
expenses.








Additionally, we find no support in the record for Sydow=s position that
the arbitrator was simply correcting a Amiscalculation of
numbers.@  In the original
award, the arbitrator did not express any intention to award Sydow post-joinder
expenses in Miller.[6] 
However, the arbitrator appears to have made such an award in the amended
award.  Specifically, in the amended award, the arbitrator added $300,000 in
post-joinder expenses and completely eliminated the over $57,000 in preexisting
Miller expenses awarded in the original award.








The case of Barsness v. Scott, 126 S.W.3d 232 (Tex.
App.CSan Antonio 2003,
pet. denied), is instructive.  In Barsness, the arbitrators modified
their original award to give one party attorney=s fees, when the
original award did not provide for attorney=s fees.  Id.
at 240.  The San Antonio Court of Appeals held that the change was substantive
and did not fall into any of the permissible categories of modification
contained in sections 171.054 and 171.091.  Barsness, 126 S.W.3d at
240-42.  The court explained that the original award did not grant any amount
for attorney=s fees and, in fact, stated that A[a]ll relief not
hereby granted is expressly denied@; thus, the
modification to award fees was not a mere clarification or correction but
changed the original decision on the merits of.  Id.  The same is true
here.  The arbitrator=s original award did not grant Sydow any
amount for post-joinder Miller expenses, but it did contain a statement that A[a]ll other relief
prayed from is DENIED.@  Thus, in amending the award to include
approximately $300,000 in post-joinder Miller expenses (and to delete the over $57,000 in
preexisting Miller expenses), the arbitrator made a substantive change
to the merits and did not simply correct Aan evident
miscalculation of numbers@ as Sydow maintains.  For the foregoing
reasons, Sydow=s sole argument in support of the amended award on
post-joinder Miller expenses is without merit.

B.  Prejudgment Interest

In his second argument, Sydow raises two related but
alternative contentions:  either (1) the arbitrator properly amended the award
to include prejudgment interest on the intervention attorney=s fees and the
trial court should have confirmed this portion of the amended award, or (2) the
trial court should have amended the original award to include interest on the intervention attorney=s fees.  In
discussing the attorney=s fees in the original award, the
arbitrator stated that Aan Award is made against the Firm in favor
of Sydow for $18,883.83 plus interest thereon at 5% per annum from April 30,
2003.@  However, in his
final award calculations, the arbitrator failed to include the award of
interest.  In the amended award, the arbitrator stated that the omission of
prejudgment interest on the fees was Acorrected as a
typographical error.@  Then, in the final award calculations,
the arbitrator again awarded the legal fees and added Aplus interest
therein at 5% per annum following April 30, 2003 (for the period May 1, 2003,
through November 30, 2004 C $1,417.65 plus $2.59 per day thereafter).@








The arbitrator clearly intended to award prejudgment
interest on the intervention legal fees but appears to have simply forgotten to
include this award in the final calculations of the original award.  Correction
of such error is permissible under the TAA because the error constituted an
evident miscalculation of numbers and is a mere error of form not affecting the
merits of the controversy.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.091; Baker
Hughes Oilfield Operaqtions, Inc. v. Hennig Prod. Co., 164 S.W.3d 438,
446-48 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(holding that trial court properly modified arbitration award to include date
prejudgment interest began to accrue where arbitrators awarded prejudgment
interest and the date was contained elsewhere in the award); Daniewicz v.
Thermo Instrument Sys., Inc., 992 S.W.2d 713, 717 (Tex. App.CAustin 1999, pet.
denied) (holding that best source to determine intention of original award was
arbitration panel itself and clarification order merely clarified intentions
and did not result in impermissible modification).  Further, under the CPR
Rules, the error falls within the category of clerical, typographical, or
computational error, or error of a similar nature; thus, the arbitrator had
authority to correct the error.  See CPR Institute for Dispute Resolution, Rules for Non-Administered
Arbitration 14.5.  Accordingly, we find that Sydow=s second argument
has merit.[7]

As mentioned, Sydow stated his argument in alternative
forms: either the arbitrator properly amended the award to include prejudgment
interest on the attorney=s fees and the trial court should have
confirmed the amended award, or the court erred in refusing to modify the
original award to include the prejudgment interest.  Because of our disposition
of Sydow=s first argument
above, judicial efficiency dictates that we simply add the interest to the
original award as amended by the trial court, thus choosing the second of Sydow=s alternatives.








Verner Liipfert, however, argues that Sydow cannot raise
the prejudgment interest argument in relation to the original award because he
did not timely file an application with the trial court to amend that award. 
Under the TAA, a court may modify or correct an arbitrator=s award only if
the party requesting such modification or correction has made an application
within 90 days from the date a copy of the award was delivered to the party.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.091.  In his
initial filings with the trial court, Sydow only requested that the court
confirm the amended award.  He did not request modification of the original
award until he filed a motion for new trial after the court vacated the amended
award and confirmed the original award.  Sydow=s motion for new
trial was filed well outside the 90-day period from receipt of the original
award.








Verner Liipfert argues that because Sydow originally chose
to request that the arbitrator amend the original award and then sought to have
the amended award confirmed, A[h]e should be held to the consequences of
his strategy.@  In other words, Verner Liipfert contends that Sydow
cannot argue that the trial court should have modified the original
award when he did not timely file an application for such modification but only
applied to have the amended award confirmed.  Verner Liipfert provides
no citation for such a stringent reading of the TAA application deadline.  In
the amended award, Sydow received what he requested from the arbitrator.  There
was no reason at that point for him to request the trial court to amend the original
award; the arbitrator had vacated and replaced the original award with the
amended award.  One of the changes made by the arbitrator in the amended award
was to award prejudgment interest as to the intervention attorney=s fees.  Thus,
when Sydow applied to have the amended award confirmed, he was in effect
applying to the trial court to confirm the award of prejudgment interest.  We
decline to read the TAA deadlines as a hyper-technical trap.  Sydow timely
placed the issue of prejudgment interest before the court when he applied to
have the amended award confirmed (and when he responded to Verner Liipfert=s application to
confirm the original award).[8] 
It could have come as no surprise to Verner Liipfert that Sydow wanted the
prejudgment interest included in the final calculations; he requested that
award in numerous filings with the court.  We therefore grant Sydow=s sole issue in
part (concerning interest on the intervention legal fees) and deny it in part (concerning the
addition of post-joinder Miller expenses).

C.  Filing of Application

Sydow additionally argues that because Verner Liipfert
failed to timely file its application to vacate the amended award, the trial
court was without authority to vacate the award.  Under the TAA, a party has 90
days from the date of delivery of an award to apply to the trial court to
vacate the award.  Tex. Civ. Prac. &
Rem. Code Ann. ' 171.088(b).  Without citation to the
record, Sydow asserts that the 90th day after Verner Liipfert received the
amended award was February 28, 2005, making Verner Liipfert=s application on
March 1, 2005 untimely.  The record contains a facsimile cover sheet from the
arbitrator to Verner Liipfert=s counsel dated November 30, 2004.  The
transmittal header indicates that the document was received at 5:55 p.m. on
November 30.  Verner Liipfert contends that its application to vacate the
amended award was timely, either because (1) it included a request to vacate
the amended award in both its First Amended Answer and its Response to Sydow=s Motion for
Summary Judgment, both filed on February 14, 2005; and (2) it filed a formal
Application to Vacate the Amended Award on March 1, 2005.  We agree with both
contentions.








The TAA contains no specific form requirements for the
application to vacate.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.088.  There
appear to be no policy or efficiency reasons to require a separate, formal
application, so long as the party apprizes the court and the opposing party of
the desire to have the award vacated.  Thus, including the application to
vacate in the answer to Sydow=s petition (requesting confirmation of the
amended award) adequately apprised the court and Sydow of Verner Liipfert=s request. 
Furthermore, as Verner Liipfert points out, the arbitration agreement provided
that the Texas Rules of Civil Procedure were generally applicable to the
proceedings.  Under Rule 21a, A[s]ervice by telephonic document transfer
after 5:00 p.m. local time of the recipient shall be deemed served on the
following day.@  Tex. R. Civ.
P. 21a.  As discussed, Verner Liipfert received the amended award via
facsimile after 5 p.m. on February 14, 2005; thus, Verner Liipfert=s formal
application filed on March 1, 2005 (exactly 90 days after February 15) was also
timely.  Accordingly, Sydow=s argument is without merit.

IV.  Verner Liipfert=s Appeal

In its sole issue on appeal, Verner Liipfert contends that
the trial court erred when it modified the original award to correct
mathematical mistakes because Sydow did not timely request such modification. 
In the original final judgment, the trial court (1) denied Sydow=s motion for
summary judgment requesting confirmation of the amended award, (2) granted
Verner Liipfert=s application to vacate the amended award,
and (3) confirmed the original award.  In his motion for new trial, among other
things, Sydow requested that the trial court enter certain mathematical
corrections to the original award.  The trial court then issued its amended
final judgment, including mathematical corrections.








Similar to its argument regarding prejudgment interest on
the intervention attorney=s fees, Verner
Liipfert argues Sydow=s request for mathematical corrections was
not timely because it was not included in an application for correction filed
within 90 days of receipt of the original award.  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.091. 
However, as with the award of prejudgment interest, the arbitrator made the
mathematical corrections in the amended award.  Because the amended arbitration
award purported to vacate and supercede the original award, Sydow had no reason
to apply to the trial court to make mathematical corrections to the original
award.[9] 
Sydow=s application to
confirm the amended award, which included the mathematical corrections, placed
the issue before the trial court (as did Sydow=s response to
Verner Liipfert=s application to confirm the original
award).  Consequently, the trial court had the authority to make the
mathematical corrections.  Accordingly, we overrule Verner Liipfert=s sole issue.[10]

V.  Conclusion

We find that the trial court erred
in refusing to modify the arbitrator=s original award by adding prejudgment interest on the intervention attorney=s fees in the final award calculations.  Accordingly, we reform the
trial court=s final judgment so as to modify
the original award by adding prejudgment interest at 5% per annum to the award
calculations.  We affirm the final judgment as so reformed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment rendered
and Opinion filed January 25, 2007.

Panel consists of
Chief Justice Hedges, Justice Seymore, and Senior Justice Mirabal.[11]









[1]  The arbitrator found that Verner Liipfert promised
to provide Sydow with professional liability coverage for a period after he
left the firm and explained that such promise basically indemnified Sydow from
liability to third persons resulting from professional representation.  The
arbitrator further reasoned that because the grievance could not have resulted
in liability to a third person, it was not covered by Verner Liipfert=s promise, but because the intervention could have
resulted in liability to a third person, it was covered by the promise. 
Whether the trial court=s reasoning on this matter is correct is not at issue
in this appeal.





[2]  Plaintiff=s
exhibit 8 is a statement of disbursements in the Miller case.





[3]  Verner Liipfert casts Sydow=s appeal as an impermissible appeal from the denial of
a motion for summary judgment, citing Ackermann v. Vordenbaum, 403
S.W.2d 362, 365 (Tex. 1966).  However, it is clear from the record that Sydow
is appealing from the trial court=s
grant of Verner Liipfert=s request to vacate the amended award and confirm the
original award, as well as from the court=s
denial of Sydow=s request to confirm the amended award, not just from
the denial of the motion for summary judgment.





[4]  Based on our resolution of the issues raised by the
parties, we need not determine whether the agreement provides additional
grounds for modification by the arbitrator.





[5]  Sydow phrases his sole issue as two alternatives: either
the trial court erred in failing to confirm the arbitrator=s amended award, or the trial court erred in failing
to modify the arbitrator=s original award to include the changes made by the
arbitrator in the amended award.





[6]  Sydow specifically references the following sentence
in the original award as stating an intention to award amounts for post-joinder
expenses:

 

I believe the evidence is sufficient that the Firm
assumed certain pre-existing expenses of all of the foregoing cases together
with interest thereon, and that the Miller case had a range of
approximately $30,000 (the amount that appears written by Parkins in his
memorandum not $300,000 as Sydow testified) of pre-existing expenses plus
interest on the Miller case together with expenses incurred post
September 15, 1997, expenses on that case [sic].

 

This
sentence seems to reference Verner Liipfert=s
assumption of post-joinder expenses in Miller (a fact not disputed by
Verner Liipfert at any point).  It does not suggest that Verner Liipfert still
owed any post-joinder expenses in Miller.  Indeed, nowhere in the
original award is there any mention that Verner Liipfert still owed Sydow for
post-joinder expenses in Miller, and as discussed in the text above, the
issue of liability for post-joinder expenses was apparently not before the
arbitrator for determination.





[7]  Verner Liipfert also cites the doctrines of functus
officio and res judicata as limiting an arbitrator=s ability to modify an arbitration award.  However, in
light of the specific TAA and CPR Rules provisions governing modification of
arbitration awards, these doctrines have no impact on our analysis.





[8]  The situation is therefore unlike the one
encountered in Hamm v. Millenium Income Fund, L.L.C., 178 S.W.3d 256
(Tex. App.CHouston [1st Dist.] 2005, pet. denied).  In that case,
the party seeking to vacate an arbitration award did not file anything prior to
confirmation of the award except a motion for continuance.  Id. at 259,
269.  The motion stated that the party intended to request that the award be
vacated but did not offer any grounds therefor.  Id. at 259.  The court
held that the motion to vacate filed after confirmation was untimely.  Id.
at 259 (AThe trial court had no discretion but to confirm the
arbitration award if the Hamm parties did not file a motion to vacate or to
modify (or otherwise challenge in any way) the award before the ruling on
Millennium=s motion to confirm.@).  Here, the substance of Sydow=s
complaint regarding the original award was clearly before the court, and was
well briefed by the parties, prior to confirmation of the award.

We further note that Sydow=s
petition seeking confirmation of the amended award was filed within 90 days
after his receipt of the original award.  The original award issued on October
19, 2004.  The amended award issued on November 30, 2004.  Sydow filed his
original petition seeking confirmation on December 3, 2004.





[9]  This is not to say that making such application, as
an alternative to the application to confirm the amended award, would have been
improper.





[10]  Verner Liipfert does not make any arguments
regarding the substance of the mathematical corrections; it argues only that
the court was without authority to make such corrections because Sydow=s request was untimely.





[11]  Senior Justice Margaret G. Mirabal sitting by
assignment.