**Opinion issued September 28, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-16-00481-CV

————————————

**PREMIUM PLASTICS SUPPLY, INC., REGINALD BARHAM, AND CAROL BARHAM, Appellants**

**V.**

**THOMAS HOWELL AND LAURA HOWELL, Appellees**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-59650**

---

## O P I N I O N

This case involves a trial court proceeding to confirm an arbitration award in a commercial landlord-tenant dispute. Landlords Thomas and Laura Howell, appellees here, filed suit in the trial court to confirm an arbitration award in their favor against their former tenants, appellants Premium Plastics Supply, Inc. and

Reginald and Carol Barham. After the Howells moved for summary judgment, appellants filed counterclaims for improper lockout under the Property Code, unauthorized access, and breach of oral agreements. The trial court granted partial summary judgment confirming the arbitration award. The Howells subsequently moved for summary judgment on appellants' counterclaims, arguing that they were barred by res judicata because they should have been raised in the now-concluded arbitration proceeding. The trial court granted summary judgment on the counterclaims.

Appellants appeal the trial court's summary judgment entered on their counterclaims.[1] In their sole issue on appeal, they argue that the trial court erred by granting summary judgment on their counterclaims because the issue of res judicata must be decided by the arbitrator and not the trial court. We affirm.

**Background**

In May 2012, appellants signed a two-year lease for commercial space owned by the Howells. The lease contained an arbitration provision, which provided that all disputes related to it must be arbitrated:

> **ARBITRATION.** Any controversy or claim related to this contract, including the construction or application of this contract, will be settled by binding arbitration under the rules of the American Arbitration Association, and any judgment granted by the arbitrator(s) may be enforced in any court of proper jurisdiction.

---

[1] They do not appeal the confirmation of the arbitration award.

2

Appellants continued to occupy the space after the lease ended in May 2014. In October 2014, the Howells sent a notice of default to appellants seeking payment under the holdover clause of the lease, which governed payment after the lease term lapsed. When appellants failed to pay, the Howells initiated arbitration with the American Arbitration Association.

After initiating arbitration, the Howells changed the locks on the leased space. In response, appellants asserted counterclaims in the arbitration for improper lockout under the Property Code, unauthorized access, and breach of oral agreements. However, the appellants dismissed the counterclaims before the final evidentiary proceeding in the arbitration; in their appellants' brief, they state that they dismissed the claims so that they could pursue them in a trial court. In the final arbitration award, the arbitrator awarded the Howells $33,500 in unpaid rent for the period from November 2014 to May 2015.

The Howells filed suit in district court in Harris County, seeking a declaratory judgment confirming the arbitration award, and subsequently filed a summary-judgment motion. After the summary-judgment motion was filed, appellants amended their answer "to reassert the counterclaims previously raised and withdrawn in the arbitration." The trial court granted the Howells' partial summary judgment, confirming the arbitration award. The Howells then moved for summary judgment on appellants' counterclaims, arguing that they were barred by res judicata

3

because they should have been raised in the arbitration. The trial court granted the second summary-judgment motion and rendered a final judgment.

## Discussion

In their sole issue, appellants contend that the trial court erred by granting summary judgment on their counterclaims because the issue of res judicata must be decided by the arbitrator and not the trial court.

### A.    Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P.166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A genuine issue of material fact exists if the nonmovant produces evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). A defendant moving for traditional summary

4

judgment on an affirmative defense has the burden to conclusively prove all the elements of the affirmative defense as a matter of law. *See Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam). Once the movant meets his burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

**B.    Res Judicata**

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *see Smith v. Brown*, 51 S.W.3d 376, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). A counterclaim is required to be litigated in an initial arbitration or suit when "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction[.]" TEX. R. CIV. P. 97(a). Res judicata promotes the finality of judgments and thus "serves vital public interests." *Hallco Texas, Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2007) (quoting *San Remo Hotel, L.P. v. San Francisco*, 545 U.S. 323, 345, 125 S. Ct. 2491, 2506 (2005)).

Res judicata is an affirmative defense. *See Williams v. Hous. Firemen's Relief & Ret. Fund*, 121 S.W.3d 415, 437 n.21 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To establish their right to judgment as a matter of law on their affirmative defense of res judicata, the Howells had to establish (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a subsequent action based on the same claims as were or could have been raised in the first action. *Joachim*, 315 S.W.3d at 862.

An arbitration award has preclusive effect for purposes of res judicata. *See Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld*, 105 S.W.3d 244, 270 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ); *J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.*, 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ); *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ denied). For example, in *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld*, 105 S.W.3d 244 (Tex. App.—Houston [14th Dist.] 2003, pet. denied), Tanox and its former lawyers were engaged in a fee dispute that went to arbitration. *See id.* at 250. The arbitrators found in favor of the lawyers, and the lawyers filed suit in the trial court to confirm the arbitration award. *Id.* Tanox sought to vacate the arbitration award and filed counterclaims for breach of contract and various tort claims. *Id.* The trial court entered summary

judgment confirming the arbitration award and denying Tanox's request to vacate the award. *Id.* The lawyers subsequently moved for summary judgment on Tanox's counterclaims on the basis of res judicata, arguing that the counterclaims should have been raised in the now-concluded arbitration proceeding. *Id.* The trial court granted summary judgment on the counterclaims, and the appellate court affirmed, holding that the claims were barred by res judicata. *Id.*

**C.      Did the Howells conclusively prove all of the elements of their res judicata defense?**

To be entitled to summary judgment, the Howells were required to conclusively prove all the elements of their res judicata defense as a matter of law. There is no dispute regarding the second element, because the same parties were involved in the arbitration proceeding and the trial court proceeding. We therefore consider the first and third elements in turn.

**1.      Did the Howells conclusively prove the existence of a prior final judgment on the merits?**

The Howells' summary-judgment evidence demonstrated the existence of a prior final judgment on the merits. Their summary-judgment evidence included a copy of the arbitration award. An arbitration award is treated as a prior final judgment and has preclusive effect for purposes of res judicata. *See Tanox*, 105 S.W.3d at 270. The Howells therefore proved the existence of a prior final judgment on the merits. *See id.*

## 2. Did the Howells conclusively prove appellants' claims were or could have been raised in the arbitration proceeding?

The Howells' summary-judgment evidence demonstrated both that appellants' claims were raised in the arbitration proceeding before being voluntarily dismissed, and that those claims could and should have been raised in the arbitration proceeding. The summary-judgment evidence included a copy of appellants' counterclaims filed in the arbitration, which were identical to the counterclaims appellants asserted in the trial court after the arbitration award issued. Appellants concede that they filed counterclaims in the arbitration identical to those they eventually filed in the trial court, and that they voluntarily dismissed the counterclaims in the arbitration before entry of the arbitration award.

Moreover, the Howells established that appellants' counterclaims could and should have been raised in the arbitration proceeding. In their summary-judgment motion, the Howells argued that the arbitration provision applied to appellants' counterclaims because the counterclaims related to the lease and the landlord-tenant relationship created thereby. In the trial court and on appeal, appellants argue that their counterclaims were not subject to the arbitration provision because they were not about the holdover rent disagreement and arose after the initiation of arbitration.[2] Thus, they argue that their counterclaims are not compulsory counterclaims that

---

[2] Appellants do not argue that the arbitration clause is unenforceable.

were required to be tried in the arbitration, and that they can be tried in the trial court instead. *See* TEX. R. CIV. P. 97(a) (requiring that compulsory counterclaims be brought in initial proceeding).

Arbitration agreements are interpreted under traditional contract interpretation principles. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). The arbitration provision in the lease agreement, which was included in the Howells' summary-judgment evidence, is broad and provides that any controversy or claim relating to the lease must be settled in arbitration:

> **ARBITRATION.** Any controversy or claim related to this contract, including the construction or application of this contract, will be settled by binding arbitration under the rules of the American Arbitration Association, and any judgment granted by the arbitrator(s) may be enforced in any court of proper jurisdiction.

*See RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701 (Tex. App.—Dallas 2010, no pet.) (phrase "relates to," in particular, is recognized as very broad term with respect to scope of arbitrable claims); *Am. Realty Trust, Inc. v. JDN Real Estate–McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.—Dallas 2002, pet. denied) ("A broad arbitration clause, purporting to cover all claims, disputes, and other matters arising out of or relating to the contract or its breach, creates a presumption of arbitrability."). Broad arbitration provisions like this one are not limited to claims that literally arise under the contract, but rather embrace all disputes between the parties having a significant relationship to the contract, regardless of the label

9

attached to the dispute. *AdvoCare GP, LLC v. Heath*, No. 05-16-00409-CV, 2017 WL 56402, at *5 (Tex. App.—Dallas Jan. 5, 2017, no pet.) (mem. op.) (quoting *Pennzoil Expl. and Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)).

Here, it is undisputed that all of appellants' claims arise out of their landlord-tenant relationship with the Howells. That relationship was created by the lease, which contains the arbitration provision. Accordingly, appellants' counterclaims were subject to the arbitration provision in the lease. *See AdvoCare*, 2017 WL 56402, at *5; *RSR*, 309 S.W.3d at 701; *Am. Realty Trust*, 74 S.W.3d at 531; *see also* TEX. R. CIV. P. 97(a).

For the foregoing reasons, we conclude that the Howells conclusively proved the existence of their res judicata defense.

## D. Did appellants raise a genuine issue of material fact regarding the applicability of res judicata?

Appellants argue that they raised a fact issue regarding the applicability of res judicata because the issue of res judicata could only be decided by the arbitrator, and not the trial court. Appellants rely primarily on *W. Dow Hamm III Corp. v. Millennium Income Fund, LLC*, 237 S.W.3d 745 (Tex. App.—Houston [1st Dist.] 2007, no pet.), to support their argument.

In *Dow*, the parties participated in an arbitration and obtained a final arbitration award. *Id.* at 748. Later, one of the parties initiated a second arbitration.

*Id.* at 749. The opposing party argued that the claims being raised in the second arbitration were or should have been resolved in the first arbitration, and filed suit in the trial court seeking a stay of the second arbitration based upon res judicata. *Id.* at 750. The trial court stayed the second arbitration, and the party seeking arbitration filed a petition for writ of mandamus. *Id.* A panel of our Court concluded that "whether a prior arbitration proceeding is res judicata of a later one is a matter for the arbitrator to determine," not the trial court. *Id.* at 754. This is because "the res judicata effect of a prior arbitration award is a matter of procedural arbitrability," not substantive arbitrability, and is therefore "not the court's province to decide." *Id.* at 755. Accordingly, this Court held that the trial court abused its discretion by staying the second arbitration on the basis that res judicata barred the second arbitration, conditionally granted mandamus relief, and directed the trial court to vacate its order staying the second arbitration. *Id.* at 756–57.

Appellants argue that the res judicata issue in this case is likewise one of procedural arbitrability and therefore could only be decided by the arbitrator. But this is not a matter of arbitrability of additional claims in arbitration after a first arbitration. To the contrary, appellants voluntarily dismissed their counterclaims during the arbitration proceeding. They then continued arbitration on the other claims to a final award, and now seek to try the claims they dismissed. Therefore, the question to be decided here is not whether the counterclaims cannot be arbitrated,

11

but rather, whether they can be relitigated and were not compulsory counterclaims. *Tanox* demonstrates that, in these circumstances, the trial court has jurisdiction to determine the issue of res judicata. *See Tanox*, 105 S.W.3d at 250, 270 (affirming trial court's determination that res judicata based on prior arbitration proceeding barred litigation of defendant's counterclaims). *Dow* is inapposite. We therefore conclude that appellants failed to raise a fact issue regarding whether the trial court could determine that their claims were barred by res judicata.

Because the Howells conclusively proved their res judicata defense and appellants did not raise a fact issue about the applicability of res judicata, we hold that the trial court did not err in granting summary judgment on appellants' counterclaims.

We overrule appellants' sole issue.

## Conclusion

We affirm the trial court's judgment.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Bland.

12