**AFFIRMED and Opinion Filed March 13, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-01015-CV

**GBENGA FUNMILAYO, Appellant**
**V.**
**VELANDERA ENERGY PARTNERS LLC AND MANISH RAJ, Appellees**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-05307-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Molberg

Appellant Gbenga Funmilayo appeals the trial court's judgment confirming an arbitration award for appellees Velandera Energy Partners LLC and Manish Raj. Funmilayo presents five issues for our review in which he argues the trial court erred by not vacating the arbitration award because the arbitrator exceeded her powers by deciding issues he argues were previously determined in his favor. We reject Funmilayo's argument for reasons explained below, and we affirm the trial court in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

This case concerns a dispute about the ownership of and authority to operate Velandera Energy Partners LLC.[1]  Velandera adopted its operating agreement on February 1, 2018.  Under the agreement, the "business and affairs of the Company are managed by its Managers, who are appointed and removed by the Members." According to the agreement, Manish Raj was the sole member, and Funmilayo was appointed initial Manager.  Among other things, the operating agreement provided:

> If any controversy or claim, whether based on contract, tort, statute, or other legal or equitable theory (including any claim of fraud, misrepresentation, or fraudulent inducement), arising out of or related to the corporate contract between and among the Company, its Members, Mangers, employees, or agents, the parties agree to resolve the Dispute as provided in [Article 14 of the agreement].
> . . . .
> If not resolved by mediation, the parties shall resolve the Dispute by arbitration pursuant to [Article 14] and the then-current rules and supervision of the American Arbitration Association. . . . The arbitrator's decision and award are final and binding and may be entered in any court having jurisdiction.  The arbitrator does not have the power to award, and no one subject to this Article may seek, an award of, punitive, exemplary, or consequential damages, or any damages excluded by or in excess of any damage limitations expressed in this Agreement or any subsequent agreement between the parties.  To prevent irreparable harm, the arbitrator may grant temporary or permanent injunctive or other equitable relief.
>
> Issues of arbitrability are determined in accordance with the Federal substantive and procedural laws relating to arbitration.  All other aspects of the Agreement are interpreted in accordance with, and the arbitrator applies and is bound to follow, the substantive laws of the State of Texas.

---

[1] We limit our discussion of the facts of this case to those necessary to resolve the appeal.

On June 15, 2018, Velandera and Funmilayo entered into an employment agreement, which was to be valid for ten years, subject to termination by Velandera for various reasons enumerated in the agreement. Raj made Schanti Corporation a Velandera member on July 12, 2018.

On July 19, 2018, Velandera's members—Raj and Schanti—resolved that Funmilayo was removed as manager, though the "employment agreement with [Funmilayo] remain[ed] unaffected by" his removal as manager, provided he was "relieved of any duties of a Manager . . . ." The next day, Raj notified Funmilayo that, "Manager and Members of Velandera Energy Partners have decided to terminate your employment" due to "failure to perform duties in compliance with the employment agreement."

Velandera sued Funmilayo, alleging breach of fiduciary duty and seeking declaratory and injunctive relief. The case was submitted to arbitration at Funmilayo's request. In its second amended complaint filed with the arbitrator, Velandera alleged Raj was its sole member and held a 100 percent interest. Velandera alleged, following a transaction in Louisiana, Funmilayo "acted unilaterally and without authorization to issue a 'Members' Resolution'" stating, among other things, that Raj's membership interest was invalid, Raj's and Schanti's membership interests were voided, and two other individuals were elected and admitted as company members; and that Funmilayo issued an

"unauthorized resolution" naming himself as manager of the "allegedly reconstituted" company. Velandera alleged that, because Funmilayo failed to act according to the operating agreement, Raj and Schanti voted to remove him as manager on July 19, 2018, and served him with a letter terminating his position as manager, and the next day served him with a letter terminating his employment agreement. Despite this, Velandera alleged Funmilayo continued to hold himself out as manager and member of the company. In addition to its breach of fiduciary duty claims, Velandera added claims for business disparagement and tortious interference with a contract. Velandera also sought declaratory relief, requesting declarations that, among other things, Raj and Schanti were the sole members of Velandera; Funmilayo no longer had the right to act as manager for Velandera and was never a member of Velandera; and the employment agreement between Velandera and Funmilayo was terminated in accordance with the terms of the agreement and Velandera owed nothing to Funmilayo as a result of the termination.

Funmilayo filed an amended answer and counterclaims on November 9, 2018. He alleged, among other things, that following his "purported removal" as manager and the invalid termination of his employment contract, he informed Raj he would continue to perform his duties for Velandera. Funmilayo alleged Raj prevented him from acting in any capacity on behalf of the company. Among others, Funmilayo sought a declaration that any actions taken by Raj and Schanti

–4–

on behalf of Velandera as members or managers of the company were null and void and that Funmilayo be recognized as manager and a member of Velandera under the operating agreement. Funmilayo alleged breach of contract, arguing that valid contractual relationships existed between himself and Velandera, and that Velandera, Raj, and Schanti violated the terms of the employment agreement by, among other things, "wrongfully terminating [his] employment without cause" and failing to "pay all money owed to Funmilayo under the Employment Agreement." Funmilayo also alleged breach of fiduciary duty, quantum meruit, money had and received, and promissory estoppel, and he sought injunctive relief.

Regarding his breach of contract claim, Funmilayo argued in post-hearing briefing to the arbitrator that, under the terms of the employment agreement, "only the Company could terminate Funmilayo's employment"—Raj could not because he "had no interest in [Velandera and] he lacked the required vote to . . . terminate [Funmilayo's] employment." Funmilayo further argued his termination was invalid because "Raj failed to follow the procedures prescribed in the Operating Agreement as they relate to Members rights to receive notice of meetings." Funmilayo also argued that, to the extent Raj could terminate Funmilayo, any termination breached his employment agreement because Velandera presented no evidence that Funmilayo failed to perform under the agreement or committed any fraud or willful misconduct. On his money had and received claim, Funmilayo

–5–

argued, among other things, that Velandera failed to provide the salary owed to Funmilayo under his employment agreement.

On January 7, 2019, the arbitrator awarded declaratory relief as follows: "Manish Raj and Schanti Corp. are the sole members of Velandera Energy Partners LLC"; "Gbenga Funmilayo is not and never was a member of Velandera"; "Funmilayo no longer has the right to act as a manager of Velandera, effective July 19, 2018 at 4:30 p.m."; "Actions taken by Funmilayo in the purported capacity of member or manager of Velandera on or after July 19, 2018, are invalid"; "Actions taken by Funmilayo to admit members to Velandera without the participation of Manish Raj and Schanti Corp., including the admission of Akintunde Ademola and Olukemi Funmilayo, are invalid"; and, "The 'Contract Agreement between Velandera Energy Partners LLC and Gbenga Funmilayo of Velandera Petrophysical Consulting, LLC' is invalid and unenforceable." The arbitrator also awarded injunctive relief, which included enjoining Funmilayo from acting as a manager for Velandera and communicating with particular entities regarding Velandera's accounts. The arbitrator denied "[a]ll other claims submitted by Funmilayo" and all claims not expressly granted by the award.

On Velandera's motion, the trial court confirmed the arbitration award on January 18, 2019, and entered a judgment nunc pro tunc on August 2, 2019, to correct the date on the original judgment.

On March 16, 2021, Funmilayo filed new claims with a second arbitrator. He alleged "post-judgment breach of contract," arguing he had maintained his employment at Velandera because the first arbitrator denied Velandera's request for a declaration that the employment agreement between Velandera and Funmilayo was terminated in accordance with the terms of the agreement and Velandera owed nothing to Funmilayo as a result of the termination. Funmilayo asserted Velandera "refused to allow [him] to continue to function as its Chief Executive Officer, post-First Arbitration and post-Judgment which confirmed the First Arbitration Award[,]" and refused to pay his salary and benefits. Funmilayo also alleged tortious interference with a contract.

In its motion for summary judgment in response, Velandera contended, among other things, that res judicata precluded Funmilayo's new claims. It argued the first arbitration denied Funmilayo's breach of employment agreement claim, and that the new claims were based on the same premise as the original breach claim.

The arbitrator granted Velandera's motion for summary judgment, finding that Funmilayo's claims were barred by res judicata and the operating agreement; Velandera terminated the employment agreement in accordance with its terms and declaratory relief was not necessary; if Funmilayo could assert a breach of contract claim, no breach occurred; and Funmilayo's tortious interference with contract claim was invalid or barred.

On September 21, 2021, Funmilayo filed a petition to vacate the second arbitration award, making the argument that he presents now on appeal. Velandera and Raj filed a motion to confirm the award. The trial court denied the petition to vacate. On November 10, 2021, the trial court confirmed the arbitrator's September 13, 2021 award in all respects. This appeal followed.

## Discussion

Funmilayo argues the trial court erred by confirming the second arbitration award because the arbitrator exceeded her powers by deciding a claim against him that, he argues, the first arbitrator decided in his favor. Funmilayo argues this went beyond the second arbitrator's powers because the operating agreement provided that the first "arbitrator's decision and award [were] final and binding[.]"[2] He also argues the decision went beyond the second arbitrator's powers because—according to the agreement—the arbitration was governed by the American Arbitration Association's rules of arbitration, under which the arbitrator was "not empowered to redetermine the merits of any claim already decided."[3] Velandera

---

[2] Funmilayo's five issues on appeal are stated in his brief as follows: whether the first arbitrator retained Funmilayo's employment with Velandera; whether Funmilayo can seek remedy for breach of contract after the first arbitration; whether Velandera and Raj relitigated the issue of the alleged termination of the employment agreement; whether the second arbitrator exceeded her powers when she granted Velandera and Raj's motion for summary judgment; and whether any part of the second arbitration is valid, and whether the trial court should have ordered a rehearing.

[3] According to the record before us, commercial arbitration rule R-50, "Modification of Award," states, "Within 20 calendar days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 calendar days to respond to the request. The arbitrator

and Raj argue, among other things, that the question of whether Funmilayo's employment agreement was terminated was actually litigated in the first arbitration. They argue that the second arbitrator, in rejecting Funmilayo's subsequent claims relating to breach of the employment agreement based on, among other things, res judicata, did not re-decide any matters decided in the first arbitration and therefore did not exceed her powers. Thus, Velandera and Raj argue, there was no statutory basis to vacate the arbitration award. We agree.

We review a trial court's decision to confirm an arbitration award de novo, and we review the entire record. *Graham-Rutledge & Co., Inc. v. Nadia Corp.*, 281 S.W.3d 683, 687 (Tex. App.—Dallas 2009, no pet.). All reasonable presumptions are indulged to uphold an arbitrator's decision. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). Given that "arbitration is designed as an efficient, less-costly alternative to judicial litigation[,]" our "review of an arbitration award is extraordinarily narrow and we vacate an arbitration award only in very unusual circumstances." *Stage Stores, Inc. v. Gunnerson*, 477 S.W.3d 848, 854 (Tex. App.—Houston [1st Dist.] 2015, no pet.). An arbitration award has the same effect as a judgment of a court of last resort; it is presumed valid and entitled to great

---

shall dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto."

deference. *Cambridge Legacy Group, Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied).

Unless grounds are offered for vacating, modifying, or correcting an award under sections 171.088 or 171.091 of the civil practice and remedies code, the court, on application of a party, shall confirm the award. TEX. CIV. PRAC. & REM. CODE § 171.087. On application of a party, the court shall vacate an award if, among other things, an arbitrator exceeds her powers. *Id*. § 171.088(a)(3)(A). Arbitrators derive their "power from the parties' agreement to submit to arbitration, and because the law favors arbitration, and arbitration agreements are often quite broad, judicial review of an arbitration award is usually very narrow." *City of Pasadena v. Smith*, 292 S.W.3d 14, 20 (Tex. 2009).

### Res judicata

Under the doctrine of res judicata, if the defendant wins a suit, "the plaintiff is barred from bringing another action on claims actually litigated and also on claims that could have been litigated in the original cause of action." *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985). Res judicata applies when there is (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). It is based on policies reflecting the need to "bring all litigation to an end, prevent vexatious

litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629 (Tex. 1992). Arbitration awards have preclusive effect for res judicata purposes. *Premium Plastics Supply, Inc. v. Howell*, 537 S.W.3d 201, 204 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

"Texas follows a transactional approach to determine whether res judicata applies." *TRO-X, L.P. v. Eagle Oil & Gas Co.*, 608 S.W.3d 1, 11 (Tex. App.—Dallas 2018), *aff'd*, 619 S.W.3d 699 (Tex. 2021). Under this approach, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Citizens*, 217 S.W.3d at 449. In determining what constitutes the same subject matter, we examine "the factual basis of the claim or claims in the prior litigation[,]" analyzing "the factual matters that make up the gist of the complaint, without regard to the form of action." *Barr*, 837 S.W.2d at 630.

*Analysis*

We begin with the factual basis of Funmilayo's claims in the first arbitration. Relating to his employment agreement, Funmilayo alleged its termination was not valid, and that he communicated to Raj that he would continue to perform his duties. He alleged Raj prevented him from performing any of those duties for Velandera. Under his breach of contract cause of action, Funmilayo alleged Velandera and Raj violated the terms of the employment agreement "by

–11–

wrongfully terminating [his] employment" without cause, and failed to pay the money owed him under the employment agreement. Under his money had and received cause of action, Funmilayo alleged that Velandera and Raj "purportedly terminated Funmilayo's employment but such termination [was] invalid," but that, valid or not, Velandera wrongfully withheld his wages under the agreement.

In the second arbitration, Funmilayo again alleged breach of the employment agreement, alleging Velandera "refused to allow [him] to continue to function as its Chief Executive Officer" and refused to pay his salary under the agreement.

The underlying factual premises—that Funmilayo's employment agreement was never terminated, that any termination was wrongful, that Raj was preventing him for performing his duties under the agreement, and that he was owed money under the agreement—were therefore the same in each arbitration. *See TRO-X, L.P.*, 608 S.W.3d at 13 (considering whether the "underlying factual premises" in the first suit "differ[ed] from the factual premises underlying the claims" in subsequent suit in determining whether res judicata applied). The first arbitrator rejected these claims when it denied "[a]ll other claims submitted by Funmilayo[,]" including his breach of contract and money had and received causes of action. Therefore, we conclude res judicata applied to Funmilayo's claims in the second arbitration because (1) the first arbitration award, confirmed by the trial court, was a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties were the same in each arbitration; and (3) Funmilayo's second arbitration

–12–

claims were based on the same claims raised in the first arbitration or on claims that could have been raised. *See Citizens*, 217 S.W.3d at 449. Accordingly, we conclude the second arbitrator did not redetermine any matters decided in the first arbitration and therefore did not exceed her powers under the arbitration agreement.

In reaching this conclusion, we necessarily reject Funmilayo's contention that the trial court, by failing to grant Velandera and Raj's request for declaratory relief regarding Funmilayo's termination under the employment agreement, somehow "retain[ed] his employment" with Velandera. Funmilayo cites no authority supporting this proposition. Whatever effect the denial of declaratory relief may have, *see Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (deciding that a judgment dismissing "a claim for a declaration that a contract is valid does not amount to a declaration that the contract is invalid," and observing that the Restatement suggests that a judgment denying "declaratory relief without determining the matters presented" "should not preclude subsequent claims or issues"), that effect cannot be what Funmilayo argues it is here, given that the trial court, as discussed above, also denied Funmilayo's claims relating to breach of the employment agreement.

Funmilayo argues his breach of contract claim was denied because the first arbitrator must have found the agreement was never terminated, which he argues explains the denial of Velandera and Raj's requested declaratory relief; in other

words, he argues his breach of contract claim was premised on the agreement's termination. We cannot agree. As detailed above, Funmilayo argued the employment agreement was breached not just because he was "wrongfully terminat[ed,]" but also because Velandera had failed to pay him money owed under the agreement. He made the same claim under his money had and received cause of action. These claims applied whether or not Funmilayo had been actually terminated, and they were denied by the first arbitrator.

Funmilayo relies on *Barsness v. Scott*, 126 S.W.3d 232 (Tex. App.—San Antonio 2003, pet. denied), a case about whether an arbitration panel exceeded its powers by modifying its original award when none of the statutory requirements were present. The arbitrators made an original award, which stated "neither party is the prevailing party" and "full relief has not been granted under this arbitration award to either party." *Id*. at 240. It contained no award for damages or attorney's fees, and stated that relief not granted was "expressly denied." *Id*. Scott filed a motion to modify the award, and in response, the arbitrators issued a modified award declaring Scott the prevailing party and awarding him nominal damages and attorney's fees. *Id*. The court of appeals concluded the modified order granted Scott relief he had been denied in the original award, and it could not be justified as a clarification or modification under civil practice and remedy code sections 171.054(a) or 171.091(a). *Id*. at 240–41. We do not think *Barsness* has any application here, where Funmilayo submitted subsequent claims to a second

–14–

arbitrator, who in turn denied the claims based on, among other things, res judicata. There is no question presented in this case about clarification or modification of the first arbitration award under section 171.054.

Funmilayo also cites *Genecov Group, Inc. v. Roosth Prod. Co.*, 144 S.W.3d 546, 550 (Tex. App.—Tyler 2003, pet. denied), where Genecov filed suit seeking declaratory judgment that various oil and gas leases were valid and that it was the lawful operator of a particular gas unit, as opposed to Roosth, which was the entity listed as operator of record with the railroad commission. The parties agreed to submit the question of the validity of the leases to arbitration, but the "issue of who would be the lawful operator [of the unit] was not submitted to the arbitrators." *Id*. at 548. The arbitrators determined the leases were valid, and the trial court entered final judgment confirming the arbitration award. *Id*. at 549–50. Genecov later filed a second suit seeking a declaration that it was the lawful operator of the same gas unit referred to above, as well as other relief. *Id*. at 500. The trial court entered summary judgment for Roosth, finding that Genecov's claims were barred under res judicata by the final judgment in the first case. *Id*. On appeal, Genecov argued, among other things, that the second suit was outside the ambit of res judicata because it was an attempt to enforce the arbitration order and the implications of the prior judgment. *Id*. at 552. The court of appeals observed that, in the first suit, "the fact of who should be the operator was not determined." *Id*. The court concluded that Genecov was seeking the same relief it sought in the first

suit, and therefore, its claims related to the operator issue "fit squarely within the ambit of res judicata." *Id.* "[T]he same facts which led Genecov to seek a determination of who the unit operator was in [the first suit] existed" in the second suit. *Id*. at 553. We find *Genecov* unhelpful. Here, Funmilayo brought claims in the second arbitration, not Velandera or Raj, after the same factual premises were actually before and determined by the first arbitrator. Thus, to the extent *Genecov* is analogous, we find Funmilayo to be in the position of Genecov, not the defendant in that case.

Given the above, we conclude the trial court did not err by confirming the second arbitration award because Funmilayo proved no statutory grounds for the award to be vacated. We overrule Funmilayo's first four issues. In his fifth issue, Funmilayo raises a question about whether, assuming we agree with his arguments above, any portion of the arbitration award is salvageable. But because we rejected Funmilayo's primary arguments, we need not reach this final issue because its resolution is not necessary to the final disposition of the appeal. *See* TEX. R. APP. P. 47.1.

## Conclusion

The judgment of the trial court is affirmed.

/Ken Molberg/
KEN MOLBERG
JUSTICE

211015F.P05

–16–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GBENGA FUNMILAYO, Appellant

No. 05-21-01015-CV      V.

VELANDERA ENERGY
PARTNERS LLC AND MANISH
RAJ, Appellees

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-05307-
2021.
Opinion delivered by Justice Molberg.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees VELANDERA ENERGY PARTNERS LLC AND MANISH RAJ recover their costs of this appeal from appellant GBENGA FUNMILAYO.

Judgment entered this 13th day of March 2023.